# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### at CHATTANOOGA

PACTEC, INC.,

      **Plaintiff,**

v.

**I.C.E. SERVICE GROUP, INC.,**
**I.C.E. PACKAGING COMPANY, LLC,**
**STRATEGIC PACKAGING SYSTEMS,**
**LLC,**

      **Defendants.**

**CIVIL ACTION NO.:**
**1:18-cv-00118-TWP-SKL**

**JURY TRIAL DEMANDED**

## ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM BY STRATEGIC PACKAGING COMPANY, LLC

Defendant Strategic Packaging Systems, LLC ("SPS") states as follows in response to the Complaint of Plaintiff PacTec, Inc. ("PacTec").

### FIRST AFFIRMATIVE DEFENSE

PacTec has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

SPS has not directly or indirectly infringed, contributed to or induced the infringement of any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

The patents-in-suit, if construed to encompass any product manufactured, sold or offered for sale by SPS, are invalid, void, and/or unenforceable for failure to comply with all of the statutory prerequisites of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 111, 112, 116, 132, 251 and 252.

## FOURTH AFFIRMATIVE DEFENSE

PacTec is barred from enforcement of any of the claims asserted herein by the doctrine of file-wrapper estoppel and other aspects of the file history of the patents-in-suit, including, but not limited to, any claims under the doctrine of equivalents as a result of arguments, amendments and/or other interactions in connection with the prosecution history of the patents-in-suit and or related patents and patent applications.

## FIFTH AFFIRMATIVE DEFENSE

By reason of statements and claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance of the patents-in-suit (or related patents or applications), PacTec is estopped from asserting a scope for the claims of the patents-in-suit that would cover SPS's allegedly infringing products.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought by PacTec does not and would not further the public interest and there are strong public policy reasons for denying the relief sought. SPS has sold all of its assets, conducts no business, and is in the process of winding down its business. Further, PacTec has brought this action against SPS based on allegations of infringement that relate to SPF's manufacture of a single demonstration bag that was never put into production or sold to the public by SPS. As such, and in direct contravention of 19 C.F.R. § 210.4(c)(1), PacTec has lodged this action for the primary purpose of harassing SPS and forcing it to incur unnecessary legal expenses.

## SEVENTH AFFIRMATIVE DEFENSE

At least some of the accused products were made and distributed by PacTec as an experimental use.

## EIGHTH AFFIRMATIVE DEFENSE

PacTec has failed to conduct the reasonable inquiry required pursuant to 19 C.F.R. § 210.4(c)(3) by averring under oath in Exhibits J, K, M, N, O, P, Q, and R that SPS is selling a certain product that even a minimal investigation would have revealed to be false.

## NINTH AFFIRMATIVE DEFENSE

To the extent that PacTec has or will assert a claim under the doctrine of equivalence, any such equivalency claims are barred under the doctrine of ensnarement, by which PacTec is barred from asserting a scope of equivalency that would encompass, or ensnare the prior art.

## TENTH AFFIRMATIVE DEFENSE

Any claim for damages for infringement committed more than six years prior to the filing of the Complaint is barred by 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claim for damages is limited by the existence of non-infringing alternatives to the asserted patents.

## TWELFTH AFFIRMATIVE DEFENSE

PacTec granted SPS an implied license to sell products under one or more of the patents through equitable estoppel, legal estoppel, conduct or acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

On information and belief, and due to its wrongful conduct and misappropriation of the information on which it bases its claims against SPS, PacTec's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

PacTec's claims are barred in whole or in part by the doctrines of waiver, laches, estoppel and/or ratification, including by its representation(s) made through conduct, statements or omission upon which SPS reasonably relied to its detriment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery of damages by PacTec is limited in whole or in part by the failure of PacTec to mitigate its damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

PacTec is barred in whole or in part from recovering any costs associated with this action by failing to disclaim invalid claims under 35 U.S.C. § 288.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claims for damages, if any, for alleged infringement of the asserted patent are barred in whole or in part to the extent that PacTec failed to satisfy the requirements under 35 U.S.C. § 287 for the asserted patents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Due to the assignment by PacTec of all rights in the patents, and/or the pledging and collateralization of all rights in the patents as collateral for loans or the investment of capital into PacTec, or for other reasons, PacTec, on information and belief, lacks standing to bring claims for infringement of the patents against SPS. The true owner of all rights to enforce the patents is not a party to this lawsuit and therefore the claims in the Complaint should be dismissed. On information and belief, PacTec, prior to filing this lawsuit has pledged all rights and interests in the patents to one or move lenders or investors as collateral or otherwise, and therefore did not at the time of filing this lawsuit, and does not to the present, any longer, control or have the right to enforce the

patents or to be deemed the owner or sole owner of the patents. PacTec's claims should therefore be dismissed.

## NINETEENTH AFFIRMATIVE DEFENSE

PacTec's claims are barred and/or diminished by failure of PacTec to join an indispensable party as a Co-Plaintiff pursuant to the facts alleged in the Eighteenth Affirmative Defense above.

## TWENTIETH AFFIRMATIVE DEFENSE

On information and belief, PacTec misappropriated the photographs and other information on which it bases its claim against SPS. As such, PacTec's claims are barred and/or diminished by virtue of the facts set forth hereinabove regarding the conduct of PacTec and its agents, servants and employees in fraudulently and/or illegally obtaining evidence and photographs which are made a part of the instant suit in PacTec's Complaint. SPS is investigating this matter and specifically reserves its right to amend this filing and to assert affirmative claims against PacTec based on its wrongful conduct against SPS.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct of SPS about which PacTec complains did not result in any damages to PacTec.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

PacTec is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for SPS' alleged infringement of the patents. PacTec will be unable to establish that (1) it has suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between PacTec and ICE, that a remedy in equity is warranted; and (4) the public interest would not be disserved by an injunction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

SPS incorporates herein by reference pursuant to Fed. R. Civ. P. 10(c) all affirmative defenses to and denials of PacTec's allegations asserted by I.C.E. Service Group, Inc. and I.C.E. Packaging Company, LLC as if specifically stated here.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

SPS's investigation regarding this action is continuing and discovery has not yet commenced. As such, SPS specifically reserves its right to amend and supplement its Answer to include additional defenses and claims revealed by its investigation and discovery.

**All of SPS's affirmative defenses set forth above are incorporated by reference into its responses to the specific averments of PacTec's Complaint set for the below.**

## PARTIES

1.      PacTec is a Louisiana corporation having its principal place of business at 12365 Haynes Street, Clinton, Louisiana 70722.

**ANSWER:  The allegations contained in Paragraph 1 of the Complaint are admitted on information and belief.**

2.      On information and belief, ICE Group is a Pennsylvania corporation having its principal place of business at 192 Ohio River Boulevard, Suite 100, Ambridge, Pennsylvania 15143.

**ANSWER:  The allegations contained in Paragraph 2 of the Complaint are admitted on information and belief.**

3.      On information and belief, ICE Packaging is a Pennsylvania limited liability company having its principal place of business at 276 Warren Street, Madisonville, Tennessee 37354. ICE Packaging is registered to conduct business in Tennessee and may be sewed with process through its registered agent Biddle & Trew, LLP, 20 West Washington Avenue, Athens,

Tennessee 37303. On information and belief, ICE Packaging is a wholly owned subsidiary of ICE Group.

**ANSWER: The allegations contained in Paragraph 3 of the Complaint are admitted on information and belief.**

4.      Strategic Packaging is a Tennessee limited liability company registered to conduct business in Tennessee and has its principal place of business at 276 Warren Street, Madisonville, Tennessee 37354. Strategic Packaging may be served with process through its registered agent Al Beale, Strategic Packaging Systems, LLC, 276 Warren Street, Madisonville, Tennessee 37354. On information and belief, ICE Group, through its subsidiary ICE Packaging, purchased certain assets of Strategic Packaging on or about August 22, 2017, which assets included an 80,000-square foot manufacturing facility located in Madisonville, Tennessee.

**ANSWER: The allegations contained in Paragraph 4 of the Complaint are denied as stated. SPS's business address is 285 Warren Street, Madisonville, Tennessee 37354. Further, the acquisition of SPS's assets as described above was effective July 26, 2017.**

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 271.

**ANSWER: The allegations contained in Paragraph 5 of the Complaint are admitted.**

6.      This Court has original jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER: The allegations contained in Paragraph 6 of the Complaint are admitted.**

7.      Personal jurisdiction is proper over Defendants because Defendants are domiciled, conduct business, and/or have committed acts of patent infringement in Tennessee and in this judicial district.

**ANSWER: SPS denies the allegations of Paragraph 7 of the Complaint as stated. SPS admits that this Court may exercise personal jurisdiction over it. However, SPS specifically denies that it has committed any acts of patent infringement.**

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and § 1400(b) because Defendants reside, have committed acts of patent infringement, and/or have a regular and established place of business in this judicial district.

**ANSWER: SPS denies the allegations of Paragraph 8 of the Complaint as stated. SPS admits that venue for this action is properly laid in this judicial district. However, SPS specifically denies that it has committed any acts of patent infringement.**

## BACKGROUND AND GENERAL ALLEGATIONS

9.     PacTec is in the business of designing, manufacturing, and selling large industrial containment bags typically formed of polymeric fabrics. In many instances, PacTec's industrial containment bags are configured to fit within large containers such as roll-off dumpsters or dump trailers, have closeable openings, and/or include a sling system for lifting the filled bag using cranes or similar lifting machinery.

**ANSWER: SPS admits the averments contained in the first sentence of Paragraph 9 on information and belief. With regard to the averments contained in the second sentence of Paragraph 9, SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the allegations are denied.**

10.     PacTec owns all right, title, and interest in and to the following U.S. patents collectively referred to as the "PacTec Patents":

**ANSWER: On information and belief, the allegation that PacTec "owns all right, title and interest in and to" the subject patents is denied pursuant to at least one certain security agreement wherein said patents are pledged as collateral to another business entity**

for an investment of private equity funds in PacTec and the patents and all rights to enforce said patents therefore have been assigned to another business entity. PacTec therefore lacks standing to bring the instant lawsuit for patent infringement as is set forth later herein.

    a.    U.S. Patent No. 7,073,676 (the "'676 Patent"), titled "Containment Bag System For Use In a Commercial Disposal Container," duly and legally issued by the United States Patent and Trademark Office on July 11, 2006, a copy of which is attached as Exhibit A;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '676 Patent was issued by the U.S. Patent and Trademark Office on July 11, 2006 and a copy is attached as Exhibit A.**

    b.    U.S. Patent No. 7,845,511 (the "'511 Patent"), titled "Containment Bag For Use In a Commercial Disposal Container," duly and legally issued by the United States Patent and Trademark Office on December 7, 2010, a copy of which is attached as Exhibit B;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '511 Patent was issued by the U.S. Patent and Trademark Office on December 7, 2010 and a copy is attached as Exhibit B.**

    c.    U.S. Patent No. 8,499,953 (the "'953 Patent"), titled "Containment Bag For Use In a Commercial Disposal Container," duly and legally issued by the United States Patent and Trademark Office on August 6, 2013, a copy of which is attached as Exhibit C;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '953 Patent was issued by the U.S. Patent and Trademark Office on August 6, 2013 and a copy is attached as Exhibit C.**

      d.    U.S. Patent No. 8,562,212 (the "'212 Patent"), titled "Containment Bag For Use In a Commercial Disposal Container," duly and legally issued by the United States Patent and Trademark Office on October 22, 2013, a copy of which is attached as Exhibit D;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '212 Patent was issued by the U.S. Patent and Trademark Office on October 22, 2013 and a copy is attached as Exhibit D.**

      e.    U.S. Patent No. 8,894,281 (the "'281 Patent"), titled "Lifting Bag," duly and legally issued by the United States Patent and Trademark Office on November 24, 2014, a copy of which is attached as Exhibit E;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '281 Patent was issued by the U.S. Patent and Trademark Office on November 24, 2014 and a copy is attached as Exhibit E.**

      f.    U.S. Patent No. 8,894,282 (the "'282 Patent"), titled "Lifting Bag Device," duly and legally issued by the United States Patent and Trademark Office on November 25, 2014, a copy of which is attached as Exhibit F;

**ANSWER: Subject to SPS's response to Paragraph 10 above, it is admitted that the '282 Patent was issued by the U.S. Patent and Trademark Office on November 25, 2014 and a copy is attached as Exhibit F.**

g.  U.S. Patent No. 9,056,710 (the "'710 Patent"), titled "Containment Bag For Use In a Commercial Disposal Container," duly and legally issued by the United States Patent and Trademark Office on June 16, 2015, a copy of which is attached as Exhibit G,

**ANSWER:   Subject to SPS's response to Paragraph 10 above, it is admitted that the '710 Patent was issued by the U.S. Patent and Trademark Office on June 16, 2015 and a copy is attached as Exhibit G.**

h.  U.S. Patent No. 9,365,345 (the "'345 Patent"), titled "Method Of Lifting a Load Using a Bag Coupled to a Lifting Sling," duly and legally issued by the United States Patent and Trademark Office on June 14, 2016, a copy of which is attached as Exhibit H;

**ANSWER:   Subject to SPS's response to Paragraph 10 above, it is admitted that the '345 Patent was issued by the U.S. Patent and Trademark Office on June 14, 2016 and a copy is attached as Exhibit H.**

i.  U.S. Patent No. 9,493,299 (the "'299 Patent"), titled "Lifting Bag Device," duly and legally issued by the United States Patent and Trademark Office on November 15, 2016, a copy of which is attached as Exhibit I.

**ANSWER:  Subject to SPS's response to Paragraph 10 above, it is admitted that the '299 Patent was issued by the U.S. Patent and Trademark Office on November 15, 2016 and a copy is attached as Exhibit I.**

11.  PacTec has complied with the patent marking requirements set forth in 35 U.S.C. §287 for the PacTec Patents.

**ANSWER: SPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore the allegations are denied.**

## DEFENDANTS' INFRINGING ACTIVITIES

12.     On information and belief, Defendants have been and are continuing to directly infringe, induce infringement by others, and/ or contributorily infringe one or more claims of the PacTec Patents within this judicial district and/ or otherwise within the United States by making, using, offering for sale, selling, or importing containment bags embodying PacTec's patented apparatuses and methods (the "Accused ICE Bags") and will continue do to so unless enjoined by this Court.

**ANSWER: The allegations contained in Paragraph 12 of the Complaint are denied.**

13.     On information and belief, Defendant ICE Group has been and is continuing to indirectly induce Defendants Strategic Packaging and/ or ICE Packaging to directly infringe one or more claims of the PacTec Patents within this judicial district and/ or otherwise within the United States by making, using, offering for sale, selling, or importing the Accused ICE Bags and will continue do to so unless enjoined by this Court.

**ANSWER: The allegations contained in Paragraph 13 of the Complaint are denied.**

14.     Shown below are four examples of Defendants Accused ICE Bags:


Accused ICE Bag No. 1


Accused ICE Bag No. 2


Accused ICE Bag No. 3


Accused ICE Bag No. 4

ANSWER: SPS admits that Paragraph 14 appears to show four photographs of waste hauling or containment bags, but it is not known by SPS where or when or by whom the photos were taken and under what circumstances, and therefore it is without knowledge or information sufficient to admit or deny that these photographs show "ICE" bags and, therefore, said allegations are denied. Upon information and belief, SPS admits that the photograph labeled as Accused ICE Bag No. 1 is a photograph of a single prototype bag manufactured once by SPS for testing and experimental purposes. SPS asserts, however, that PacTec is barred from using the photograph of Accused ICE Bag No. 1 to support is

claims because, on information and belief, PacTec wrongfully misappropriated the photograph.

15. On information and belief, the Accused ICE Bags, including Accused ICE Bag Nos. 1-4, have been and continue to be manufactured at Defendants' facility located at 276 Warren Street in Madisonville, Tennessee (the "Madisonville Manufacturing Facility").

**ANSWER: SPS admits on information and belief, that the photograph labeled as Accused Bag No. 1 is a photograph of a single prototype bag manufactured once by SPS at SPS's former location. The remaining allegations contained in Paragraph 15 of the Complaint are denied. SPS asserts, however, that PacTec is barred from using the photograph of Accused ICE Bag No. 1 to support is claims because, on information and belief, PacTec wrongfully misappropriated the photograph.**

16. On information and belief, Defendant Strategic Packaging owned and operated the Madisonville Manufacturing Facility from 2009 until about August 22, 2017, when it sold certain assets to Defendant ICE Group via Defendant ICE Group's packaging division, Defendant ICE Packaging.

**ANSWER: The allegations contained in Paragraph 16 of the Complaint are admitted.**

17. On information and belief, Defendant ICE Group's wholly owned subsidiary, ICE Packaging, has owned and operated the Madisonville Manufacturing Facility since about August 22, 2017.

**ANSWER: SPS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 and the averments are, therefore, denied.**

18. On information and belief, Defendants' acts of patent infringement have included, but are not limited to, the following:

    A. On or about November 2016, Defendant Strategic Packaging used Accused ICE Bag No. 1 to demonstrate its bag design to URS I | Oak Ridge, LLC at the Nobel Metals test site in Oak Ridge, Tennessee;

    B. On or about December 2017, Defendants ICE Group and/ or ICE Packaging used Accused ICE Bag No. 2 in a waste collection and transportation operation at the Perm a-Fix M&EC facility in Oak Ridge, Tennessee;

    C. On or about April 2018, Defendants ICE Group and/or ICE Packaging used Accused ICE Bag No. 3 in a waste collection and transportation operation at the Separation Process Research Unit (SPRU) project site at the Port of Albany in the State of New York.

    D. On or about February 2018, Defendants ICE Group and/or ICE Packaging used Accused ICE Bag No. 4 in a waste collection and transportation operation in Luckey, Ohio.

**ANSWER: SPS admits, in response to Paragraph 18(a), that on or about November 2016, SPS used Accused ICE Bag No. 1 to demonstrate its bag design to URS I | Oak Ridge, LLC at the Nobel Metals test site in Oak Ridge, Tennessee. SPS denies, however, that by doing so it infringed on any of PacTec's patents. SPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint and therefore the allegations are denied.**

19.      Upon information and belief, Defendants have each provided waste collection and transportation services to third parties in the United States that use methods covered by at least one claim of the PacTec Patents.

**ANSWER:  The allegations contained in Paragraph 19 of the Complaint are denied.**

20.      Attached as Exhibits J-R to this Complaint are infringement claim charts demonstrating correspondence between the elements of a representative claim from each of the PacTec Patents and one or more of Defendants' Accused ICE Bag Nos. 1-4, to wit:

A.      Exhibit J shows that each and every element of claim l of the '676 Patent is present in Accused Bag Nos. 1 and 3,

B.      Exhibit K shows that each and every element of claim 1 of the '511 Patent is present in Accused Bag No. 1,

C.      Exhibit L shows that each and every element of claim 1 of the '953 Patent is present in Accused Bag No. 3,

D.      Exhibit M shows that each and every element of claim 1 of the '212 Patent is present in Accused Bag No. 1,

E.      Exhibit N shows that each and every element of claim 18 of the '281 Patent is present in Accused Bag Nos. 1, 3, and 4,

F.      Exhibit O shows that each and every element of claim 3 of the '282 Patent is present in Accused Bag Nos. 1 and 3,

G.      Exhibit P shows that each and every element of claim 1 of the '710 Patent is present in Accused Bag Nos. l,

H.      Exhibit Q shows that each and every element of claim 6 of the '345 Patent is present in Accused Bag Nos. 1 and 3,

I.      Exhibit R shows that each and every element of claim 1 of the '299 Patent is present in Accused Bag Nos. 1, 2, and 3,

**ANSWER: It is admitted that attached to the Complaint as Exhibits J-R are documents purporting to be claim charts. The remaining allegations contained in Paragraph 20 of the Complaint, including all subparagraphs, are denied.**

21.     Upon a reasonable opportunity for discovery, it is likely that PacTec will identify additional claims of the PacTec Patents infringed by the Accused ICE Bags and/or additional products made, used, offered for sale, or sold by Defendants that infringe the PacTec Patents.

**ANSWER:  The allegations contained in Paragraph 21 of the Complaint are denied**

22.     Defendants' manufacture, use, offer for sale, sale, or importation of the Accused ICE Bags are without PacTec's authorization or permission.

**ANSWER:  The allegations contained in Paragraph 22 of the Complaint are denied**

23.     As a result of Defendants' infringement of the PacTec Patents, PacTec has been and will continue to be damaged and irreparably harmed unless Defendants are enjoined by this Court.

**ANSWER:  The allegations contained in Paragraph 23 of the Complaint are denied.**

24.     On information and belief, Defendants' acts of patent infringement have occurred with full knowledge of PacTec's patent rights and have been willful and deliberate thereby rendering this case exceptional within the meaning of 35 U.S.C. § 285.

**ANSWER:  Paragraph 24 alleges conclusions of law to which no response is required. To the extent that a response is deemed to be required, SPS denies the allegations set forth in Paragraph 24 of the Complaint.**

25.     In accordance with 35 U.S.C. § 283, PacTec is entitled to preliminary and permanent injunctive relief as prayed for herein.

**ANSWER:  Paragraph 25 alleges conclusions of law to which no response is required. To the extent that a response is deemed to be required, SPS denies the allegations set forth in Paragraph 25 of the Complaint.**

26.     In accordance with 35 U.S.C. § 284, PacTec is entitled to recover damages from Defendants adequate to compensate it for Defendants' infringement, together with interest and costs as fixed by the Court.

**ANSWER:  Paragraph 26 alleges conclusions of law to which no response is required. To the extent that a response is deemed to be required, SPS denies the allegations set forth in Paragraph 26 of the Complaint.**

27.     PacTec is also entitled to recover trebled damages in accordance with 35 U.S.C. § 284 and its attorney's fees in accordance with 35 U.S.C. § 285 as Defendants' infringing acts are willful and this case is exceptional.

**ANSWER:  Paragraph 27 alleges conclusions of law to which no response is required. To the extent that a response is deemed to be required, SPS denies the allegations set forth in Paragraph 27 of the Complaint.**

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,073,676

28.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER:  SPS incorporates its responses to Paragraphs 1 through 27 as if fully set forth herein.**

29. Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim 1 of the '676 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag No. 1 and 3 that embody PacTec's patented apparatuses.

**ANSWER: The allegations contained in Paragraph 29 of the Complaint are denied.**

30. On information and belief, Defendants' infringement of the '676 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '676 Patent.

**ANSWER: The allegations contained in Paragraph 30 of the Complaint are denied.**

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,845,511

31. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER: SPS incorporates its responses to Paragraphs 1 through 30 as if fully set forth herein.**

32. Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim 1 of the '511 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag No. 1 that embodies PacTec's patented apparatuses.

**ANSWER: The allegations contained in Paragraph 32 of the Complaint are denied.**

33. On information and belief, Defendants' infringement of the '511 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '511 Patent.

**ANSWER: The allegations contained in Paragraph 33 of the Complaint are denied.**

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,499,953

34.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER: SPS incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein.**

35.     Defendants are directly infringing, inducing infringement by others, and/ or contributorily infringing at least claim 1 of the '953 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag No. 3 that embodies PacTec's patented apparatuses.

**ANSWER: The allegations contained in Paragraph 35 of the Complaint are denied.**

36.     On information and belief, Defendants' infringement of the '953 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '953 Patent.

**ANSWER: The allegations contained in Paragraph 36 of the Complaint are denied.**

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,562,212

37.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER: SPS incorporates its responses to Paragraphs 1 through 36 as if fully set forth herein.**

38.     Defendants are directly infringing, inducing infringement by others, and/ or contributorily infringing at least claim 1 of the '212 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag No. 1 that embodies PacTec's patented apparatuses.

**ANSWER: The allegations contained in Paragraph 38 of the Complaint are denied.**

39.     On information and belief, Defendants' infringement of the '212 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '212 Patent.

**ANSWER: The allegations contained in Paragraph 39 of the Complaint are denied.**

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 8,894,281**

40.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER: SPS incorporates its responses to Paragraphs 1 through 39 as if fully set forth herein.**

41.     Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim 18 of the '281 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag Nos. 1, 3, and 4 that embody PacTec's patented apparatuses.

**ANSWER: The allegations contained in Paragraph 41 of the Complaint are denied.**

42.     On information and belief, Defendants' infringement of the '281 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '281 Patent.

**ANSWER: The allegations contained in Paragraph 42 of the Complaint are denied.**

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 8,894,282**

43.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER:  SPS incorporates its responses to Paragraphs 1 through 42 as if fully set forth herein.**

44.     Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim 3 of the '282 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag Nos. 1 and 3 that embody PacTec's patented methods.

**ANSWER:  The allegations contained in Paragraph 44 of the Complaint are denied.**

45.     On information and belief, Defendants' infringement of the '282 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '282 Patent.

**ANSWER:  The allegations contained in Paragraph 45 of the Complaint are denied.**

**COUNT VII**
**INFRINGEMENT OF U.S. PATENT NO. 9,056,710**

46.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER:  SPS incorporates its responses to Paragraphs 1 through 45 as if fully set forth herein.**

47.     Defendants are directly infringing, inducing infringement by ethers, and/or contributorily infringing at least claim 1 of the '710 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag No. 1 that embodies PacTec's patented apparatuses.

**ANSWER:  The allegations contained in Paragraph 47 of the Complaint are denied.**

48.     On information and belief, Defendants' infringement of the '710 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '710 Patent.

**ANSWER:  The allegations contained in Paragraph 48 of the Complaint are denied.**

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 9,365,345

49.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER:  SPS incorporates its responses to Paragraphs 1 through 48 as if fully set forth herein.**

50.     Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim 6 of the '345 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag Nos. 1 and 3 that embody PacTec's patented methods.

**ANSWER:  The allegations contained in Paragraph 50 of the Complaint are denied.**

51.     On information and belief, Defendants' infringement of the '345 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '345 Patent.

**ANSWER:  The allegations contained in Paragraph 51 of the Complaint are denied.**

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 9,493,299

52.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

**ANSWER:  SPS incorporates its responses to Paragraphs 1 through 51 as if fully set forth herein.**

53.     Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least claim l of the '299 Patent within this judicial district or otherwise within the United States by making, using, offering for sale, selling, or importing Accused ICE Bag Nos. 1, 2, and 3 that embody PacTec's patented apparatuses.

**ANSWER:  The allegations contained in Paragraph 53 of the Complaint are denied.**

54.     On information and belief, Defendants' infringement of the '299 Patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous knowledge of the '299 Patent.

**ANSWER:  The allegations contained in Paragraph 54 of the Complaint are denied.**

### DEMAND FOR JURY TRIAL

55.     PacTec demands a trial by jury on all issues so triable.

**ANSWER:  Paragraph 55 is a demand for a trial by jury to which no response is required.  However, SPS also demands a jury on all claims and issues to be tried.**

**56.     Any allegation of PacTec's Complaint that SPS has not specifically responded to by admission, denial or otherwise is hereby denied.  SPS therefore requests that this Court deny PacTec any of the relief it requests by way of its Complaint and grant SPS the relief it seeks described in its Prayer For Relief below.**

### <u>COUNTERCLAIM</u>

Defendant/Counterclaim-Plaintiff Strategic Packaging Systems, LLC ("SPS") states as follows for its Counterclaim against Plaintiff/Counterclaim-Defendant PacTec, Inc. ("PacTec").

1.     SPS hereby incorporates by reference Paragraphs 1 through 56 of its Answer along with all of its Affirmative Defenses set forth above as if specifically stated here.

## PARTIES

2.    SPS is a Tennessee limited liability company with its principal place of business at 285 Warren Street, Madisonville, Tennessee 37354.

3.    PacTec is a Louisiana corporation having its principal place of business located at 12365 Haynes Street, Clinton, Louisiana 70722.

## JURISDICTION AND VENUE

4.    This Court may exercise subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and Rule 13 of the Federal Rules of Civil Procedure.  The claims asserted in SPS's Counterclaim arise out of the same transactions and occurrences that gave rise to the claims asserted in PacTec's Complaint.

5.    Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.    The factual background supporting SPS's Counterclaim is set forth in its Affirmative Defenses and its responses to the allegations of PacTec's Complaint set forth in Paragraphs 1 through 56 of its Answer, all of which are incorporated herein by reference under Fed. R. Civ. P. 10(c).

## COUNTERCLAIM

7.    SPS incorporates the averments and statements contained in Paragraphs 1 through 6 above as if specifically stated here.

8.    SPS has not at any time infringed on PacTec's patents in any manner.

9.    PacTec's patents are invalid, in whole or in part, as not satisfying the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq.

10.    Therefore, PacTec's claims for relief are barred because SPS has not infringed upon the patents and the patents are invalid.

11.     An actual and justiciable controversy exists between SPS and PacTec regarding the validity of the patents and the alleged infringement of those patents.

12.     It is proper for SPS to seek declaratory relief requested here because entry of a declaratory judgment in its favor will: (1) serve a useful purpose in clarifying and settling the legal relations at issue; and (2) provide relief from the uncertainty, insecurity, and controversy giving rise to this action.

13.     SPS therefore requests that this Court declare and issue declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure declaring that:

A.     PacTec's patents are, in whole or in relevant part, invalid; and

B.     SPS has not infringed upon any properly construed, valid and enforceable claim of PacTec's patents.

14.     SPS's Counterclaim and the defenses set forth in SPS's Answer qualifies this as an exceptional case that supports an award of reasonable attorneys' fees, costs and expenses to SPS and against PacTec under 35 U.S.C. § 285.

15.     SPS demands that its Counterclaim and all issues relating to its Counterclaim be tried by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE, SPS respectfully requests that this Court grant a final judgment in its favor finding that:**

**(a)     SPS has never infringed upon any of the patents-in-suit;**

**(b)     One or more of the patents-in-suit are invalid;**

**(c)     All of PacTec's claims are without merit and are dismissed with prejudice;**

(d)     SPS is entitled to declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 declaring that PacTec's patents are invalid and that SPS has not infringed upon any of those patents;

(e)     SPS is entitled to all costs, expenses and attorneys' fees which it incurs in defending this action under 25 U.S.C. § 285 and common law; and

(f)     SPS is entitled to all such further relief that the Court deems just and proper.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/ Donald J. Aho
Donald J. Aho, BPR No. 11975
don.aho@millermartin.com
Charles W. Forlidas, BPR No. 16094
charles.forlidas@millermartin.com
Heath Frost, BPR No. 033690
heath.frost@millermartin.com
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
Telephone (423) 756-6600
Facsimile (423) 785-8480

*Counsel for Defendant Strategic Packaging Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Donald J. Aho
*Counsel for Defendant Strategic Packaging Systems, LLC*