IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| PACTEC, INC.<br><br>**Plaintiff**<br><br>v.<br><br>I.C.E. SERVICE GROUP, INC.,<br>I.C.E. PACKAGING COMPANY, LLC,<br>STRATEGIC PACKAGING SYSTEMS,<br>LLC<br><br>**Defendants** | CIVIL ACTION NO.:<br>1:18-cv-00118-TWP-SKL<br><br><br>JURY TRIAL DEMANDED |

## PACTEC, INC.'S REPLY TO COUNTERCLAIMS OF DEFENDANTS I.C.E. SERVICE GROUP, INC. AND I.C.E. PACKAGING COMPANY, LLC

Plaintiff PacTec, Inc. ("PacTec") replies as follows to each of the numbered paragraphs of the Counterclaims filed by defendants I.C.E. Service Group, Inc. and I.C.E. Packaging Company, LLC (collectively "Defendants") in their Answer, Defenses, and Counterclaims (Doc. 28):

### I. REPLY

1. Paragraph 1 of the Counterclaims constitutes an incorporation by reference of Defendants' answers to the Complaint's allegations and of their affirmative defenses, to which no reply is required. To the extent a reply is required, PacTec denies Defendants' denials of the Complaint's allegations and their affirmative defenses.

**Parties**

2. The allegations of paragraph 2 of the Counterclaims are, on information and belief, admitted.

{L0500534.1}                                    1

Case 1:18-cv-00118-TWP-CHS   Document 35   Filed 10/01/18   Page 1 of 11   PageID #: 437

3.     The allegation of paragraph 3 of the Counterclaims are, on information and belief, admitted.

4.     The allegations of paragraph 4 of the Counterclaims are admitted.

**Jurisdiction**

5.     The allegations of paragraph 5 of the Counterclaims are conclusions of law to which no reply is required. To the extent a reply is required, PacTec denies that the claims asserted in the Second through Seventh Counterclaims arise out of the same transactions and occurrences giving rise to the claims in PacTec's Complaint.

6.     The allegations of paragraph 6 of the Counterclaims are conclusions of law to which no reply is required.

**Factual Allegations**

7.     The allegations of paragraph 7 of the Counterclaims are denied.

8.     The allegations of paragraph 8 of the Counterclaims are denied.

9.     The allegations of paragraph 9 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

10.    The allegations of paragraph 10 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

11.    The allegations of paragraph 11 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

12.    The allegations of paragraph 12 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

13.    The allegations of paragraph 13 of the Counterclaims that on or about May 2, 2018, an individual by the name of Andrew Avila entered the Port of Albany are admitted. The remaining allegations of paragraph 13 are denied.

14.    The allegations of paragraph 14 of the Counterclaims are admitted.

15.    The allegations of paragraph 15 of the Counterclaims that on May 2, 2018, Andrew Avila viewed and photographed ICE bag products are admitted. The remaining allegations of paragraph 15 are denied.

16.    The allegations of paragraph 16 of the Counterclaims are admitted.

17.    The allegations of paragraph 17 of the Counterclaims are admitted.

18.    The allegations of paragraph 18 of the Counterclaims are admitted.

19.    The allegations of paragraph 19 of the Counterclaims are admitted.

20.    The allegations of paragraph 20 of the Counterclaims are admitted.

21.    The allegations of paragraph 21 of the Counterclaims that on May 2, 2018, Mr. Avila approached the security gate and that Mr. Avila did not present a TWIC card are admitted. The allegations of paragraph 21 of the Counterclaims concerning the guard's subjective state of mind are denied for lack of sufficient information. The remaining allegations of paragraph 21 are denied.

22.    The allegations of paragraph 22 of the Counterclaims that Mr. Avila was not an employee of DOE are admitted. The allegations of paragraph 22 that the security guard noted on paper that "Andrew Avila U.S. Dept. of Energy" are denied for lack of sufficient information to justify a belief therein. The remaining allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 of the Counterclaims that the guard presented Mr. Avila with a reflective vest and allowed him to enter the site are admitted. The remaining allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 of the Counterclaims that Mr. Avila proceeded directly to the work area are admitted. The remaining allegations of paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25. The allegations of paragraph 25 of the Counterclaims are denied.

26. The allegations of paragraph 26 of the Counterclaims are denied.

27. The allegations of paragraph 27 of the Counterclaims are denied.

28. The allegations of paragraph 28 of the Counterclaims are denied.

29. The allegations of paragraph 29 of the Counterclaims that Mr. Avila asked for permission to look into the railcars to see the bags are admitted. The remaining allegations of paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30. The allegations of paragraph 30 of the Counterclaims are denied.

31. The allegations of paragraph 31 of the Counterclaims that Mr. Avila was given permission to inspect the bags are admitted. The allegations of paragraph 31 as to the identity of Mr. Milliken who gave such permission are denied for lack of sufficient information to justify a belief therein. The remaining allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 of the Counterclaim that Mr. Avila climbed a ladder on the railcar and took photographs of the containment bag loaded in the railcar are admitted. The remaining allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

34. The allegations of paragraph 34 of the Counterclaims are denied.

35. The allegations of paragraph 35 of the Counterclaims that Mr. Avila left the site are admitted. The remaining allegations of paragraph 35 are denied. In further reply, PacTec states that, before Defendants filed their Answer, Affirmative Defenses and Counterclaims, it voluntarily produced to Defendants all of Mr. Avila's photographs taken at the Port of Albany site on May 2, 2018.

36. The allegations of paragraph 36 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

37. The allegations of paragraph 37 of the Counterclaims that ICE attempted to reach Mr. Avila via telephone calls and that Mr. Avila did not return any messages are admitted. The remaining allegations of paragraph 37 are denied. In further reply, PacTec states that after Mr. Avila left the Port of Albany site on May 2, 2018, he received one text message from Gus Chirgott of ICE.

38. The allegations of paragraph 38 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

39. The allegations of paragraph 39 of the Counterclaims that Mr. Avila had a meeting scheduled with an individual with AECOM at the SPRU site on May 2, 2018, at 3:00 pm EST are admitted. The remaining allegations of paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40. The allegations of paragraph 40 of the Counterclaims that Avila failed to appear for the meeting with the individual from AECOM is admitted. The remaining allegations of paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41. The allegations of paragraph 41 of the Counterclaims that Mr. Avila informed his PacTec supervisor, Bill Smart, of his entry into the Port of Albany site, that Mr. Avila's 3:00 pm meeting with the individual at AECOM's SPRU site was canceled, and that PacTec advised AECOM that Mr. Avila would not be able to attend the scheduled meeting are admitted. The remaining allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 of the Counterclaims are denied.

43. The allegations of paragraph 43 of the Counterclaims are denied for lack of sufficient information to justify a belief therein.

44. The allegations of paragraph 44 of the Counterclaims are denied.

### First Counterclaim
### (Declaratory Judgment – Patent Invalidity and Non-Infringement)

45. The allegations in paragraph 45 of the Counterclaims that PacTec's Complaint alleges that ICE is infringing on the patents asserted against them in this action are admitted. In reply to the remaining allegations of paragraph 45, PacTec repeats and realleges its reply to each and every preceding paragraph as though fully set forth herein.

46. The allegations of paragraph 46 of the Counterclaims are denied.

47. The allegations of paragraph 47 of the Counterclaims are denied.

48. The allegations of paragraph 48 of the Counterclaims are denied.

49. The allegations of paragraph 49 of the Counterclaims are admitted.

50. The allegations of paragraph 50 of the Counterclaims that defendants have requested a declaratory judgment of invalidity are admitted. The remaining allegations of paragraph 50 are denied. In further reply, PacTec states that the patents asserted against Defendants in this action are valid and enforceable.

{L0500534.1}                                6

Case 1:18-cv-00118-TWP-CHS   Document 35   Filed 10/01/18   Page 6 of 11   PageID #: 442

51. The allegations of paragraph 51 of the Counterclaims that Defendants have requested a declaratory judgment of non-infringement are admitted. The remaining allegations of paragraph 51 are denied. In further reply, PacTec states that Defendants have infringed, and are continuing to infringe the patents asserted against them in this action.

52. The allegations of paragraph 52 of the Counterclaims that Defendants have requested a declaratory judgment and injunction against PacTec are admitted. The remaining allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 of the Counterclaims that Defendants have requested a declaratory judgment that they have a right to continue to use accused products and methods are admitted. The remaining allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 of the Counterclaims are denied. In further reply, PacTec admits that this case is exceptional and alleges that PacTec is entitled to an award of attorney's fees, costs, and expenses pursuant to 35 U.S.C. § 285.

### Second Counterclaim
(Economic Espionage ("EEA") and Defend Trade Secrets Act "DTSA": 18 U.S.C. § 1836)

55. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required to reply to the allegations of paragraphs 55-64 of the Counterclaims until after disposition of its motion.

### Third Counterclaim
(Misappropriation of Trade Secrets in Violation of Tennessee Uniform Trade Secrets Act (Tenn. Code Ann. § 47-25-1701 et. seq.))

56. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is

not required to reply to the allegations of paragraphs 65-72 of the Counterclaims until after disposition of its motion.

### Fourth Counterclaim
### (Unfair Competition/Misappropriation of Trade Secrets – Violation of 15 U.S.C. § 1125 and Violation Under New York Common Law)

57. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required to reply to the allegations of paragraphs 73-77 of the Counterclaims until after disposition of its motion.

### Fifth Counterclaim
### (Fraudulent Misrepresentation)

58. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required to reply to the allegations of paragraphs 78-89 of the Counterclaims until after disposition of its motion.

### Sixth Counterclaim
### (Tortious Interference with Contractual Relations)

59. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required to reply to the allegations of paragraphs 90-97 of the Counterclaims until after disposition of its motion.

### Seventh Counterclaim
### (Unfair Competition- Violation of 15 U.S.C. § 1125, Tennessee Common Law and the Tennessee Consumer Protection Act)

60. PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required to reply to the allegations of paragraphs 98-101 of the Counterclaims until after disposition of its motion.

61. Any allegation in the Counterclaims that has not yet been admitted, denied or otherwise explained is here and now denied as if set forth specifically herein.

### Jury Demand

62. Defendants' jury demand set forth in paragraph 102 of the Counterclaims does not require a reply. To the extent a reply is required, PacTec denies such allegations.

### Prayer For Relief

63. PacTec denies that Defendants are entitled to any of the relief sought in the Prayer for Relief of their Counterclaims.

## II. AFFIRMATIVE DEFENSES

PacTec has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' Second through Seventh Counterclaims. In accordance with Fed. R. Civ. P. 12(a)(4), PacTec is not required, and expressly reserves its right, to assert affirmative defenses to these counterclaims after disposition of its motion. In reply to the First Counterclaim, PacTec asserts the following affirmative defenses:

### First Defense

Defendants' counterclaims fail to state a cause of action for which relief may be granted.

### Second Defense

Defendants have failed to join persons needed for just adjudication under Fed. R. Civ. P.19(a).

### Third Defense

Defendants' counterclaims are barred by waiver, laches, and/or estoppel.

### Fourth Defense

Defendants' counterclaims are barred on grounds of unclean hands.

### Fifth Defense

Defendants have failed to mitigate their alleged damages.

### Sixth Defense

Defendants are not entitled to injunctive relief

### Seventh Defense

Defendants are not entitled to an award of damages and the recovery of attorney's fees, costs, and expenses.

### Eighth Defense

PacTec reserves the right to add defenses discovered during the course of discovery up to and including the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, PacTec prays that there be judgment in its favor and against Defendants as follows:

1. For judgment dismissing Defendants' Counterclaims with prejudice;

2. For all the relief sought in PacTec's Complaint;

3. For all other general and equitable relief to which PacTec is entitled.

Respectfully submitted:

Dated: October 1, 2018

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: /s/John G. Jackson
John G. Jackson (BPR #013840)
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402
Telephone: (423) 757-0246
Facsimile: (423) 508-1246
E-mail: jjackson@chamblisslaw.com

Michael K. Leachman (*pro hac vice*)
JONES WALKER LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Tel.: (225) 248-2420
Fax: (225) 248-3120
Email: mleachman@joneswalker.com

Robert L. Waddell (*pro hac vice*)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Tel.: (337) 593-7600
Fax: (337) 593-7601
Email: rwaddell@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

By: /s/John G. Jackson

{L0500534.1}                              11

Case 1:18-cv-00118-TWP-CHS   Document 35   Filed 10/01/18   Page 11 of 11   PageID #: 447